IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JULIE A. OBEREMBT, | ) |
|           Plaintiff, | ) Case No. 8:16CV171 |
| vs. | ) AMENDED ORDER SETTING |
| | ) FINAL SCHEDULE FOR |
| C.R. BARD, INC., | ) PROGRESSION OF CASE |
|           Defendant. | ) |

The Court has reviewed the parties' Joint Motion to Extend Deadlines (#30) and finds that certain case progression deadlines for the above-captioned litigation should be extended. Accordingly,

**IT IS ORDERED** that the Joint Motion to Extend Deadlines (#30) is granted. The Order Setting Final Schedule for Progression of Case (#28) is amended to extend the following deadlines:

1. **Motions for Summary Judgment.** Motions for summary judgment shall be filed not later than **November 20, 2017**. *See* NECivR 56.1 and 7.1.

2. **Discovery Deadlines:**

   a. **Deposition Deadline.** All depositions, whether or not they are intended to be used at trial, shall be completed by **September 29, 2017**.

3. **Disclosure of Expert Witnesses.**[1] Each plaintiff, counter-claimant, and cross-claimant shall, as soon as practicable but not later than **June 30, 2017**, serve all opposing parties with the statement required by Fed. R. Civ. P. 26(a)(2) regarding each expert witness it expects to call to testify at trial pursuant to the provisions of Rule 702, 703

---

[1] A treating physician must be identified pursuant to Fed. R. Civ. P. 26(a)(2)(A), but a treating physician is not deemed to be "retained or specially employed to provide expert testimony in a case" so as to require a written report under Fed. R. Civ. P. 26(a)(2)(B).

or 705, Fed. Rules of Evidence. Each defendant, counter-defendant, and cross-defendant shall serve its statement of the expert witnesses it expects to call to testify pursuant to Rule 702, 703 or 705, Fed. Rules of Evidence, pursuant to Fed. R. Civ. P. 26(a)(2) as soon thereafter as practicable, but not later than **July 31, 2017**. If necessary to refute the disclosed opinions of an expert witness of an opponent, a plaintiff, counter-claimant, or cross-claimant may disclose additional expert witnesses not later than **August 14, 2017**, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. Rule 26(a)(2) and makes the expert witness available for deposition prior to the date set for completion of depositions. Supplementation of these disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e). The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph.

4. **Motions in Limine.**

 a. Motions in limine challenging the admissibility of expert testimony at trial under Fed. R. Evid. 702, *see Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), and *Daubert v. Merrell-Dow Pharmaceuticals*, 509 U.S. 579 (1993), shall be filed by **October 16, 2017**, and accompanied by a request for a hearing if necessary. Failure to timely move for a hearing may constitute waiver of the request for a hearing.

5. All other deadlines, including the Final Pretrial Conference and Trial, remain unchanged.

**DATED: June 9, 2017.**

          **BY THE COURT:**

          s/ F.A. Gossett, III
          **United States Magistrate Judge**